# Allgood, Auditor, v. Stallings, et al.

## Mandamus.

### (Decided June 8, 1916.   72 South. 83.)

1. **Taxation; Tax Commission; Expenses.**—The provision of § 2222, Code 1907, limits the expenses incurred within a fiscal year by the State Tax Commission to the sum of $25,000, and inhibits the payment of the expenses of one fiscal year out of the funds allowed, within the prescribed limits, for the discharge of expenses incurred during another fiscal year, but does not prevent the actual payment of the expenses out of the funds allowed for the year after the year has expired.

2. **Same; Attorneys.**—The approval by the Governor of the account of claimant for services as attorneys in tax cases for the years 1912-3, to be paid out of any special appropriation, or out of the general appropriation for the years 1914-5, establishes the employment of the claimants and fixes their compensation under the provisions of § 2241, Code 1907.

3. **Same.**—Neither the Governor nor the State Tax Commission can charge the appropriation for the fiscal years 1914 or 1915, with expenses incurred during the fiscal years 1912 and 1913, nor direct that the agreed amount due attorneys employed in tax cases should be paid out of some special appropriation to be subsequently made, and such directions in the approval of such account are surplusage and will be disregarded.

4. **Same; Attorney.**—Where the employment is conclusively shown, as authorized by § 2241, Code 1907, the claimants are entitled to compensation at least to the extent of unpaid balances of the appropriation for the years in which the services were rendered.

5. **Same; Statutory Provision.**—Acts 1905, p. 79, is without bearing on the right of attorneys in tax cases for compensation which had accrued before the passage of the act.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. Pearson.

Petition by Jesse F. Stallings and another for mandamus directed to M. P. Allgood as State Auditor, to require him to issue his warrant in payment of certain services rendered by petitioner in certain tax cases.   From a judgment granting the writ the Auditor appeals.   Affirmed.

[Allgood, Auditor, v. Stallings, et al.]

WILLIAM L. MARTIN, Attorney General, for appellant. FRANK S. WHITE & SONS, and THOMAS J. JUDGE, for appellee.

McCLELLAN, J.—Petition for the writ of mandamus to compel the state auditor (appellant) to issue warrants to satisfy the claims of the petitioners (appellees) for services, to the state, rendered by them as attorneys in enforcing the tax laws in Jefferson county. The writ was awarded, and directed the state auditor to draw his warrants, in favor of the appellees, for $1,081.34 against the unexpended balance of the appropriation for the state tax commission for the fiscal year ending September 30, 1912, and for $1,063.10 against the unexpended balance of the appropriation for the state tax commission for the fiscal year ending September 30, 1913. It appears that the services, continuous in their nature, for which the appellees claim compensation, were rendered during the fiscal years 1912 and 1913. The appellees were employed as special counsel under the authority conferred by Code, § 2241. That section reads: "The Governor may employ any special counsel to institute or defend such legal proceedings, or to assist the Attorney General therein, and to contract with said special counsel concerning a reasonable compensation for his or their services, which compensation shall be paid out of the state treasury on a warrant drawn by the state auditor on the state treasurer, upon the approval of the Governor."

Code, § 2222, provided: "The entire appropriation for the commission, together with every item of expense allowed therefor, shall not exceed in any one year the total sum of $25,000, which sum, or as much thereof as may be necessary, is hereby appropriated annually."

(1, 2) This section was brought under consideration in *State, ex rel. v. Smith, Auditor,* 188 Ala. 432, 66 South. 61, and it was there accepted—unescapably, we think—as making continuing, though distinct, annual appropriations for the expenses (other than salaries) of the tax commission in performing the duties prescribed by the law; and effected to restrict to $25,000 the expenses incurred or to be incurred during any one fiscal year. Its manifest effect was to inhibit the payment of one fiscal year's expenses out of funds allowed, within the limit prescribed, for the discharge of expenses incurred during another fiscal year. To otherwise interpret the effect of the statute (section 2222) would result in attributing to the Legislature a purpose—contradictory

of the plain terms of the statute—to make cumulative appropriations that would be enhanced, in the amounts annually available, by the sum or sums left unexpended in a previous fiscal year or years; whereas, the clear intention was to vest in the commission, in conjunction in some instances with the Governor, a discretion to incur annual expenses within the prescribed limitation of $25,000. While the authority to incur expenses during each fiscal year was limited to the sum named in the statute (section 2222), the actual payment of those expenses, the issuance of warrants, was not restricted by the statute to the fiscal year in which the service was rendered or the expense incurred; though, as stated, the payment could not be made unless there was an unexpended balance in the appropriation for the fiscal year during which the expense was incurred.—36 Cyc. pp. 893-895; *State, ex rel. v. Seibert, Auditor,* 103 Mo. 401, 15 S. W. 761; *State, ex rel. v. Brian,* 84 Neb. 30, 120 N. W. 916; *Benedict v. New Orleans,* 115 La. 645, 39 South. 792. The bases of the limitation in our statute (section 2222) are the fiscal year and the maximum sum prescribed for expenses during the fiscal year; and the limitation is not restrictive of the time of payment for services rendered.

(3) On January 17, 1915, the Governor approved the following indorsement upon the stated account of the appellees, for professional services rendered by them in the "Bailey and Howard" Case and in 137 "tax-cases" in Jefferson county:

"The above account is approved to be paid out of any special appropriation which may be made by the present Legislature for the payment of special counsel employed by the Governor under authority of section 561, and, failing such appropriation, the above account is approved to be paid out of the general appropriation for the state tax commission for the years 1914 and 1915."

The account was approved by both the Governor and the chairman of the tax commission. This approval effected to establish the fact of the employment of the appellees to render the services indicated and to fix their compensation.—Code, § 2241. The obligation of the state then existed, and this approval of the account operated to charge its payment upon the appropriation, for the appropriate fiscal years, to the extent there were balances to the credit of the fiscal years during which the services were rendered.

[Allgood, Auditor, v. Stallings, et al.]

(4) The Governor and the tax commission were powerless to charge the appropriation for the fiscal years 1914 or 1915 with expenses incurred for services rendered during the fiscal years 1912 and 1913. Equally ineffectual, because not authorized by any law, was the direction that the agreed amount due appellees should be paid out of some special appropriation to be subsequently made by the Legislature of 1915. The law prescribed the funds—the appropriation—out of which the compensation should be paid, by referring it to the fiscal years in or during which the appellees rendered services under an employment authorized by section 2241.

(5) The employment being conclusively shown, the services contemplated being rendered during the fiscal years 1912 and 1913—services of a nature continuing from the former into the latter fiscal year—and the amount of the compensation being fixed by agreement on the parts of those authorized to agree, the appellees became and were entitled to be paid at least to the extent of the unexpended balances of the appropriations for the years 1912 and 1913, and hence became vested with the clear legal right to the warrants on the state treasurer approved by the Governor, in the amounts stipulated in the order and judgment from which this appeal is taken. The directions, initial and contingent, the Governor sought to give in the writing above his approval of the stated accounts of the appellees were and are surplusage, and are to be entirely disregarded.

(6) It results from these considerations that the act approved October 2, 1915 (General Acts 1915, p. 879), constituting a commission to pass upon matters of compensation of special counsel employed by Governor O'Neal during his administration, is without bearing or effect upon the right of the appellee to the relief sought in their petition; their rights in the premises having validly attached prior to the passage of the act approved October 2, 1915.

The order and judgment appealed from is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.