(126 So. 161)

### In re OPINIONS OF THE JUSTICES.

### In re ACTS 1927, p. 442, MAKING APPROPRIATIONS FOR STATE NORMAL SCHOOLS.

### (No. 9.)

Supreme Court of Alabama.   Feb. 14, 1930.

Response of the Justices of the Supreme Court to question of the Governor, under Code 1923, §§ 10290, 10291:

February 13, 1930.

To the Honorable John C. Anderson, Chief Justice, and the Honorables A. D. Sayre, Lucien D. Gardner, Wm. H. Thomas, Virgil Bouldin, Joel B. Brown and Arthur B. Foster, Associate Justices of the Supreme Court of Alabama—Gentlemen:

As Governor of the state of Alabama, and under the provisions of sections 10290, 10291, Code of Alabama, as amended by Acts of 1927, p. 103, I respectfully request that you render a written opinion upon the following questions; the facts being as follows:

By an Act of the Legislature of the state of Alabama, approved August 25, 1927, Acts of 1927, p. 442, certain appropriations are made to the state board of education for the use and benefit of the state normal schools for the purpose of providing additions to the grounds, buildings and equipment, and for the payment of outstanding indebtedness incurred for capital outlay.

The state board of education under the School Code of 1927 has absolute control of the property and management of the public schools of the state, of which the state normal schools are a part. Section 58 of the School Code of 1927 authorizes the state board of education to borrow money for the particular institutions within the limit of the income of the institution for the quadrennium. By a resolution of the state board of education, the state normal schools were authorized to make loans in anticipation of the appropriations, within the limit of the income of the institution for the quadrennium in anticipation of the appropriation in order to proceed with the building program of these institutions, which is now under way.

Grounds have been purchased and contract let for the buildings, which are now in the course of erection at these institutions, and it became necessary that the appropriations be anticipated by loan to be paid by the appropriation or appropriations as they mature.

Will the execution of a certificate of indebtedness by the officers of the state board of education and the president of the particular state normal school under the resolution of the state board of education, above set forth, in anticipation of the appropriation above set forth, be the creation of a new debt within the meaning of section 213 of the Constitution of 1901?  Or

Can these appropriations be anticipated and will the advances made in anticipation of the

appropriation be a violation of the provision of section 213 of the Constitution of 1901?

Respectfully submitted,

Bibb Graves, Governor.

Hon. Bibb Graves, Governor of Alabama—Dear Sir:

Replying to your inquiry of the 13th, we will say:

Section 213 of the Constitution of 1901 forbids the creation or incurrence of a new debt by or against the state, except for the purposes and in the manner therein provided. As we understand, the appropriation has already been made by the Legislature, except a certain portion is to be accessible each year, and the state board of education, in order to procure the construction of the buildings and improvements contemplated by the act, have pledged or promised the unmatured parts of the appropriation to be paid or turned over to the contractor or the lender when accessible to said state board of education. In our opinion, this does not involve the creation or incurrence of a new debt against the state, as forbidden by section 213 of the Constitution.

Signed this the 14th day of February, 1930.

JOHN C. ANDERSON,
Chief Justice.
L. D. GARDNER,
WM. H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
A. B. FOSTER,
Associate Justices.