(128 So. 435)

### FARNED v. BOLDING, Superintendent of Education, et al.

#### 8 Div. 191.

Supreme Court of Alabama.

May 15, 1930.

218

James L. Orman, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellees.

BOULDIN, J.

This is a taxpayer's bill to enjoin the county board of education of Franklin county from borrowing money to pay salaries of teachers and other current expenses, by the issuance of time warrants running one to seven years, and pledging the proceeds of the county three-mill tax levied under article 19 of the Constitution.

The cause was heard on agreed statement of facts appearing in the bill and answer.

It appears that an accumulating indebtedness has accrued for seven or eight years, resulting from deficits in the school funds available to pay teachers and other current expenses. Last year this indebtedness reached $20,000, which will be increased by July 1, 1930, to $21,000.

This indebtedness has been carried by short-term loans. The lender declined to renew, demanded payment, and same has been paid from current funds. This depletes the school fund so that contracts with teachers for a seven-month term of public schools cannot be met, and, in the opinion of the board of education, terms must be shortened unless money is borrowed on a pledge of the three-mill tax to run for the life of the levy, seven years.

The board, by resolution, reciting the situation, ordered .that interest-bearing warrants to the face value of $21,000 be issued and sold, and proceeds placed in the current school fund. The interest on the warrants is to be paid semiannually, and $3,000 of the principal to be paid each year, retiring the whole at the end of seven years, all secured by a pledge of the county three-mill tax voted for "public school purposes." Essentially the plan is one to fund and amortize the outstanding indebtedness.

To thus borrow money for the immediate purpose of paying current demands for teachers' salaries, etc., is sought to be accomplished under authority of section 130 of the School Code of 1927, as construed in Heustess v. Hearin, 213 Ala. 106, 104 So. 273.

In that case we upheld the authority of the county board of education to pledge the revenues of the current year, and the three-mill tax of the succeeding year to secure a loan of this character. This because of an express exception in the statute, withdrawing such loan from the requirement that it be repaid from the funds accruing for the current year. Now we are asked to extend such rule so as to pledge the revenues for the full life of the three-mill levy, drawing on the income of the remote future to maintain our present schools.

The exception permitting the pledge of the three-mill tax fund of the future, standing alone, is quite indefinite. So we must look to this and related statutes disclosing the general scheme for the maintenance of our public school system.

The general tenor of Code, § 130, is an authorization to borrow money for current expenses on a pledge of current revenues.

As to the three-mill tax, a county levy by vote of the people, current revenues are not limited wholly to the revenue of that particular year.

The section must be read, however, as a whole; and the thought of repayment of such loans from current revenues must not be ignored.

One related statute appears in School Code, § 136. This section aims to take care of and retire accumulated indebtedness created by the county board of education. Interest-bearing warrants, running through a period of not exceeding fifteen years, retiring not less than one-fifteenth of the debt each year, is the method devised by this section.

But this statute is limited to indebtedness incurred prior to October 1, 1927. A like statute provided for indebtedness accruing prior to October 1, 1923. School Code 1924, § 110; Acts 1923, p. 553.

The statutes import no intent to grant boards of education a basis of credit upon which to encourage the creation of ever-increasing indebtedness, with a burden of interest charges on school revenues running through the years.

Another statute empowers county boards of education to borrow money on interest-bearing warrants to erect and equip school buildings, not to exceed the prospective funds to be derived from the special county tax levied pursuant to law. School Code, § 281. School buildings have an element of permanence, inuring to the benefit of the children of the future as well as the present.

The limited terms of these statutes, the failure to include the indebtedness here involved within the class for which long-term interest-bearing warrants may be sold, strongly argues against the plan proposed in this case.

We are not unmindful of the strong appeal to boards of education to provide adequate public schools, and the express policy of the law to give extended school terms.

Still, a stronger and more imperative policy of justice demands that he who pays the tax shall have the benefit of same.

To pay a tax which has been anticipated and used in the education of children seven years in the past and increased by a carrying charge by way of interest is not in keeping with such policy.

The law contemplates a budget confining expenditures to the funds reasonably in prospect.

Maybe some indebtedness will develop despite all reasonable efforts to prevent; but no policy of making debt to be taken care of by others who may have received no benefits therefrom is to be found in our statutes. Each recurring period has burdens all its own, and every care should be observed not to pass the burdens of one period on to another.

We are impelled to limit the rule in Heustess v. Hearin, supra, to what was there decided, to the case there presented, and not extend the same to cover a case like this.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.