158 So. 740

## LAWRENCE COUNTY et al. v. AYERS.
### 8 Div. 625.

Supreme Court of Alabama.
Jan. 17, 1935.

John C. Forney, of Moulton, for appellants.

H. A. Entrekin, of Moulton, for appellee.

KNIGHT, Justice.

J. K. Ayers, as a taxpayer, and citizen of Lawrence county, filed the bill in this cause, in the circuit court of Lawrence county, against Lawrence county, the court of county revenues of said county, and the individual members of said court of county revenues, seeking to enjoin the respondents from contracting an indebtedness to the United States for the purpose of erecting a courthouse, and issuing warrants of said county to evidence the indebtedness, and that the court declare null and void the levy of a special tax "to build the courthouse," which tax the court of county revenues had undertaken to levy.

It is averred in the bill that the county purposes to borrow the money from the United States, through the "Federal Emergency Administration of Public Works." It appears from the bill that the county of Lawrence intends to borrow from the government the amount of $110,000, and to issue its warrants therefor, the same to be paid within fifteen years; the loan to bear interest at, the rate of 6 per cent. per annum. The warrants are to be secured "by a first lien upon and pledge of the taxes which the county shall collect during the next fifteen years, consequent to the tax levied by said court on December 11, 1933, consisting of a levy of a special tax of one-fourth of one per centum upon the taxable property of Lawrence County; under and by virtue of the powers which the said court claims is vested in it by section 212 of the Code of Alabama."

The equity of the bill is grounded on averments that the county of Lawrence was already indebted, based on the assessed valuation of the property therein, to an amount within $6,895 of the limitation imposed by the Constitution.

There were demurrers to the bill, but these demurrers were evidently abandoned, or waived, as the record shows that the cause was submitted for final decree upon the original bill, as amended, exhibits thereto, and on answer of respondents, and the agreed statement of facts.

On final submission the court granted the relief prayed for, and permanently enjoined the respondents from "consummating said loan, and from issuing said warrants or making said levy or borrowing said amount of money for the purposes set forth in the pleading, either directly or indirectly, for constructing a courthouse for said county."

The lower court held that the sum of $110,000 sought to be borrowed, when added to the present indebtedness of the county, would constitute an indebtedness on the part of said county in a sum in excess of 3½ per centum of the assessed value of the property of the county.

To reach this conclusion, the court did not have to go further than the defendants' answer, for it is apparent from the statement therein given of the amount of the assessed value of the county's property, and of the

amount of the county's then indebtedness, the county would, by the proposed loan to it, far exceed its constitutional limit.

The appellants' counsel seem to rely, however, upon section 212, and "the rule of reason" for the authority to borrow the $110,000 of the federal government. He points to the fact that this section (212) is nothing less than a command to the court of county revenues to build the courthouse, inasmuch as the county is in sore need of one. He seems to argue that, inasmuch as this provision of the law existed at the time of the adoption of the Constitution, carrying section 224, that this constitutional limitation was "not intended to prevent the County Board or County Governing Body from erecting a courthouse." We willingly give our consent that it was not the intention of section 224 of the Constitution to prevent the county governing body from building a courthouse, if it could be done without infringing upon the limitation imposed as to increasing the indebtedness of the county beyond 3½ per centum of the assessed value of the taxable property of the county.

The entire argument of appellants' counsel is foreclosed by our pronouncements in the cases of Gunter et al. v. Hackworth et al., 182 Ala. 205, 62 So. 101; Smith v. Town of Guin,[1] 155 So. 865; Moody v. Gunter, 203 Ala. 655, 84 So. 831.

The above-cited cases control the decision in this case, and it only remains to be said that the court below reached the only conclusion open to it, under the facts of the case, and principles of law applicable thereto.

It follows, therefore, that the decree appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.