163 So. 332

**TOWN OF OPP et al. v. DONALDSON.**

4 Div. 824.

Supreme Court of Alabama.

June 27, 1935.

Rehearing Denied Oct. 10, 1935.

690

Bowen W. Simmons, of Opp, for appellants.

J. L. Kelly, of Evergreen, for appellee.

PER CURIAM.

The question presented on this appeal was embraced in the opinion in In re Opinion of the Justices, 226 Ala. 570, 148 So. 111, and there given careful and deliberate consideration. The conclusion was announced that a plan, such as attempted by the town of Opp in the instant case, created a debt and violated sections 222 and 225 of our Constitution. See, also, In re Opinion of the Justices, 228 Ala. 140, 152 So. 901; Oppenheim v. City of Florence, 229 Ala. 50, 155 So. 859; Bankhead v. Town of Sulligent, 229 Ala. 45, 155 So. 869, 96 A. L. R. 1381; Smith v. Town of Guin, 229 Ala. 61, 155 So. 865.

We have re-examined the question in the light of the argument here presented. And we may add that some of the authorities now stressed upon our attention had been previously examined and duly considered in consultation, but no occasion has arisen for their discussion or differentiation. In large part they may be found noted in 72 A. L. R. 698, and the numerous authorities representing conflicting views are found noted in the more recent case of State v. City of Miami, 113 Fla. 280, 152 So. 6, 11. In view of our conclusion in the instant case no good purpose would be subserved by doing so now. Suffice it to say we are persuaded of the correctness of our former views, and that the decree should be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN, BROWN, and FOSTER, JJ., concur.

GARDNER and THOMAS, JJ., dissent.

KNIGHT, J., not sitting.

GARDNER, Justice (dissenting).

I am persuaded the revenue from the waterworks operated by the town of Opp may properly be pledged for the advance-

ment sought without infringement upon any constitutional provision. These revenues differ from those obtained by the municipality in its governmental capacity, such as licenses and taxes. They are but returns from a purely corporate undertaking owned and managed by the municipality for the benefit of its inhabitants. It has many attributes of a private business enterprise. Funds are sought for the enlargement and improvement of the plant. Clearly the town could turn back into the system the present revenues for its improvement, and I have become convinced it may properly pledge the anticipated revenues as well.

The following language from the Florida Supreme Court in the recent case of State v. City of Miami, 113 Fla. 280, 152 So. 6, 12, is expressive of my views in this regard:

"So long, therefore, as such financing is limited to the borrowing of money solely on the security of anticipated utility revenues, when the object of the borrowing and the contemplated purpose or intended use of the borrowed funds is confined strictly to a reinvestment of the same in the existing plant through which such funds have been earned, in order to make it more efficient or economical in operation, or to enlarge its usefulness to the municipality, the borrowing is not prohibited by the Constitution.

"We reach this conclusion by looking at the substance rather than the form of such financing, for it amounts to nothing more than a conversion of the prospective earnings into a capital investment, whether the earnings are presently funded or not."

I realize that upon this question there has been sharp conflict of authority. But I am persuaded the more recent cases, and those better reasoned, support the view here expressed. See note to Bankhead v. Town of Sulligent, 229 Ala. 45, 155 So. 869, 96 A. L. R. 1381, 1393–1397. And it will appear that the case of Joliet v. Alexander, 194 Ill. 457, 62 N. E. 861, upon which much reliance was placed in Re Opinion of the Justices, 226 Ala. 570, 148 So. 111, has been greatly weakened, though not expressly repudiated, by later decisions of the Illinois court. Ward v. City of Chicago, 342 Ill. 167, 173 N. E. 810; Maffitt v. City of Decatur, 322 Ill. 82, 152 N. E. 602. See, also, Underwood v. Fairbanks, Morse & Co., 205 Ind. 316, 185 N. E. 118. But I forego further discussion, and respectfully dissent.

THOMAS, J., concurs in the foregoing views.