172 So. 277

### RANDALL v. STATE ex rel. CITY OF TUSKEGEE.

#### 5 Div. 245.

Supreme Court of Alabama.

Jan. 23, 1937.

J. D. Randall, of Tuskegee, pro se.

Powell & Powell, of Tuskegee, for appellee.

GARDNER, Justice.

This proceeding involves the validity of a proposed issue of revenue anticipation bonds by the city of Tuskegee (a municipal corporation which has reached its debt limit), with particular reference to sections 222 and 225 of our State Constitution. The proceedings relating thereto are in accord with the legislative act of June 26, 1935. Gen.Acts 1935, p. 195.

The petition discloses and the answer admits that all the funds realized by the city from the sale of the bonds are to be used exclusively for the purpose of constructing a new waterworks system 'for the city of Tuskegee, and the questions presented by the answer relate to the constitutional provisions as to indebtedness found in section 225 of the Constitution, and the issuance of bonds without the approval of the qualified voters as referred to in section 222 of the Constitution.

■ These questions were answered by the justices in an advisory opinion (In re Opinion of the Justices, 226 Ala. 570, 148 So. 111, 114), as follows:

"But, when the city purchases or constructs a system, no part of which has been owned theretofore by it, and no revenue theretofore created from it, the pledge of it and the income from it, with no other obligation of the city to pay the price in any respect does not divert funds or property of the city which could have been used for other purposes nor does it otherwise create a debt. Under such circumstances it would not be affected by section 225 of the Constitution.

"We are also of the opinion that the bonds regulated and controlled by section 222 of the Constitution are such only as create in some form a debt of the city. We think the purpose of that provision of the Constitution is to prohibit a city from creating a bonded debt without authority conferred by the people in an election. This purpose is emphasized by the last sentence in that section.

"Our answer to your inquiry is that our conclusions are dependent upon whether the utility system involved is new to the city ownership. If so, we think the act does not violate section 222 or 225 of the Constitution, when nothing else is pledged for its security."

And these views were expressly approved in the litigated case of Oppenheim v. City of Florence, 229 Ala. 50, 155 So. 859.

■ The instant case is brought squarely within the above-quoted language. The proposed bonds represent no obligation of the city and are payable solely from the revenue obtained from the operation of the waterworks system, and under section 10 of the Act of 1935 (page 199) it is expressly provided that no bondholder shall ever have the right to compel any exercise of the taxing power of the municipality or the payment of any funds other than the revenue from such undertaking to pay said bonds or the interest thereon, which shall appear in the face of the bonds. And the waterworks system to be constructed is entirely new and no improvement of an already existing system is here involved, as was considered in the case of Town of Opp v. Donaldson, 230 Ala. 689, 163 So. 332.

The proposed bonds are therefore not such as are referred to in section 222 of the Constitution, nor will their issuance involve any matter of indebtedness the subject-matter of section 225 of the Constitution.

We consider further elaboration entirely unnecessary. The proposed bond issue appears to be in harmony with the above cited act, and in no manner offends any fundamental law. The trial court correctly ruled, and the judgment will accordingly be here affirmed.

Affirmed.

THOMAS, BOULDIN, FOSTER, and KNIGHT, JJ., concur.

BROWN, J., dissents.

ANDERSON, C. J., not sitting.

BROWN, Justice (dissenting).

The facts disclosed by the petition and its exhibit and the answer, to my mind, clearly show that the revenues from both the old and the new system are pledged, and the city is obligated to maintain both systems and pay out of the public treasury for water supplied to it, which is tantamount to pledging its faith and credit to secure revenue out of which to pay said bonds.

Under the decisions of this court, such obligation is violative of sections 222 and 225 of the Constitution. Oppenheim v. City of Florence, 229 Ala. 50, 155 So. 859; Town of Opp et al. v. Donaldson, 230 Ala. 689, 163 So. 332.

I therefore respectfully dissent.