Asadour Bedian, and Elizabeth Bedian, Plaintiffs-Appellants, v. Arnold Cohn, Defendant-Appellee.

## Term No. 56–F–21.

Fourth District.
May 1, 1956.
Rehearing denied May 22, 1956.
Released for publication June 4, 1956.

Burton C. Bernard, of Granite City, for plaintiffs-appellants.

Goldenhersh & Goldenhersh, of East St. Louis, for defendant-appellee.

JUSTICE SCHEINEMAN delivered the opinion of the court.

In this suit the plaintiffs seek to hold defendant personally liable for the balance due on the purchase price of real estate, notwithstanding express provisions in the mortgage and note that defendant should not be liable for any deficiency.

The undisputed facts are that defendant Arnold Cohn contracted orally to purchase the property from plaintiffs, Asadour and Elizabeth Bedian, at a fixed price, to make a down payment, to pay the balance in installments, the defendant not to be liable for a deficiency in the event of foreclosure.

It is undisputed that the property is inadequate to cover the balance, but the chancellor decreed that though the plaintiffs were entitled to the property there was no personal liability on defendant.

On this appeal, it appears to be undisputed that pursuant to the oral contract, the parties met in a law office, the down payment was made, plaintiffs executed a deed to defendant, and the latter gave a mortgage and note for the balance, both of which expressly limited collection of the balance to the property pledged, and stated that the maker should not be personally liable for any deficiency. Some installments were paid.

Plaintiff contends these provisions are inconsistent, and ambiguous, and the court should hold the restriction on personal liability void. Defendant cites cases from other states that it is valid. While there is no reported decision in this state of precisely similar facts, the principle has been stated in accord with the weight of authority. Thus, in City of Joliet v. Alexander, 194 Ill. 457, the opinion states:

"The provision for a mortgage implies a debt, since a mortgage cannot exist without a debt. The mortgage is a mere incident to a debt or obligation secured by it and which is an essential element in a mortgage. It is not essential to a debt or to a mortgage that there should be any promise of the mortgagor to pay the debt. The mortgage may be merely to secure payment, and a debt exists in many cases where there is no personal liability and where there could be no suit at law and no personal decree could be rendered for a deficiency. One who pawns or pledges his property and who will lose the property if he does not pay, is indebted although the creditor has nothing but the security of the property; and so, also, is a mortgagor who is liable to lose his property if he does not pay the money secured by the mortgage."

Again in Evans v. Holman, 244 Ill. 596, it was held that there must be a debt to constitute a mortgage,

but there need not be any promise to pay the debt, and it is not essential that the obligation to pay be direct.

Accordingly, we hold that a mortgage and note are evidence of a debt, but an agreement therein that the collection of the debt is limited to the property pledged, without personal liability on the maker, is valid and will be enforced according to the expressed terms.

The plaintiff further argues that the suit is not based upon the note and mortgage, but upon the original contract of sale, and that there being a fixed price, plaintiffs are entitled to specific performance to compel payment of the agreed price, citing cases. It appears to be implicit in this argument that the note and mortgage were not in conformity with the original agreement.

Upon examination of the pleadings, it is apparent that the plaintiffs have never asserted that the mortgage and note differed from the original contract. There is no claim that these documents were drawn and accepted by mutual mistake, fraud, or otherwise. On the contrary, the complaint, in the first count for specific performance, alleged that the defendant was not to be personally liable for a deficiency judgment under the contract. No other count asserts a different state of facts.

Furthermore, the testimony discloses that defendant stated he would only buy the property under this, his usual condition, the scrivener testified he informed plaintiffs that the note and mortgage differed from the usual in that there was no personal liability on defendant. There is no evidence contradicting this testimony nor any evidence that plaintiffs did not understand or agree to it. They accepted the note and mortgage in accordance with the agreement alleged in their complaint.

We hold that where the contract of purchase contemplates that the buyer is not to be personally liable, and the documents are drawn in accordance with the

118

agreement, the provisions therein are valid, and the seller cannot assert personal liability of the buyer. The decision of the chancellor was correct and is affirmed.

Decree affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.