192 So. 510

## ATKINSON v. CITY OF GADSDEN et al.
### 7 Div. 607.

Supreme Court of Alabama.

Dec. 7, 1939.

W. B. Dortch, of Gadsden, for appellant.

Frank J. Martin, of Gadsden, and F. E. St. John, Jr., of Cullman, for appellees.

**ANDERSON, Chief Justice.**

This case is fully and fairly stated in the appellant's brief, which said statement appears in the report of the case.

The respondents, appellees, were proceeding under the Act of 1937, (Special Session), Page 274, as amended by Act No. 494 of 1939.

It is contended by the appellant that the transaction involved violates Section 228 of the Constitution of 1901 because the Water Works Board is not limited to thirty years for the use of the streets, avenues, etc. It is sufficient to say that the grant of the franchise is from the Legislature in the exercise of its sovereign power, City of Mobile v. Farrell, 229 Ala. 582, 158 So. 539, and the resolution of the city is a sufficient consent by the city to meet the requirements of Section 220 of the·Constitution.

The bond issue is not by the municipality, but by the Water Works Board and did not have to be voted on under Section 222 of the Constitution.

The contention that the proposed bond issue is in violation of Section 225 limiting the indebtedness of municipalities, as to whether this limitation applies to the repairs, enlargements or extension of water works, we need not decide as the bonds will not be a debt or charge against the city.

The bonds expressly provide: "Said City of Gadsden shall not in any manner be liable for payment of the principal of or interest on the bonds or for the performance * * * contained herein or in the resolution of the board under which the bonds are issued." Campbell v. City of Indianapolis, 155 Ind. 186, 57 N. E. 920; Coppin and the City of Covington v. Board of Education, 155 Ky. 387, 159 S.W. 937; Smith v. Waterworks Board of City of Cullman, 234 Ala. 418, 175 So. 380. Nor does it violate Section 94 of the Constitution.

We are not persuaded· that the said acts violate Section 45 of the Constitution because the body of same is broader than the title as each detail thereof is germane and cognate to the general subject of the title.

The amended Act of 1939, which is the last Legislative expression, authorizes the deal in question without an election and it expressly provides that corporations thereunder shall be "exempt from all jurisdiction of and legislation by the Public Service Commission."

The amended Act of 1939 exempts this Water Works Board from giving notice as to "acquisition of any property or the making of any loans or the issuance of instruments in evidence thereof."

It was therefore not necessary to procure the approval of the Department of Finance, Gen.Acts 1935, Page. 199, § 14, if said act applies to this Water Works Board, which may be doubtful.

We think the Act of 1937 is broad enough to give the Water Works Board, organized pursuant thereto, the authority to supply water not only to the inhabitants of the municipality but to "the surrounding territory."

The decree of the circuit court in denying the complainant relief as well as declaring the rights and status of the appellees under the cross bill is affirmed.

. Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.