43 So.2d 409

**WATER WORKS BOARD OF CITY OF
MOBILE v. CITY OF MOBILE.**

1 Div. 398.

Supreme Court of Alabama.

Dec. 15, 1949.

S. P. Gaillard, Jr., Mobile, for appellant.

Harry Seale, Mobile, for appellee, cross-appellant City of Mobile.

Albert J. Tully, Mobile, pro se.

LAWSON, Justice.

This is a declaratory judgment proceeding instituted by the City of Mobile, hereinafter referred to as the City, against the Water Works Board of the City of Mobile, hereinafter referred to as the Board. Honorable Albert Tully, a citizen of Mobile, was permitted to intervene, *amicus curiae* and as a taxpayer of the City.

The Board was organized and a certificate of incorporation executed under the provisions of Chapter 7, Article 5, §§ 394–402, Title 37, Code 1940, as amended.

It appears that the Board proposes to adopt a resolution authorizing (1) the construction or acquisition of an industrial water works plant, (2) the issuance of revenue bonds payable solely from the revenue derived from the operation of such water works system, (3) the execution of a deed of trust secured by a lien on the properties acquired and constructed from the proceeds of the sale of the revenue bonds.

Broadly speaking, the purpose of this suit was to secure a declaratory judgment as to the legality and authority of the Board and as to the validity of the proposed revenue bonds if issued and sold in accordance with the terms of the resolution. However, other questions were raised by the proceeding.

The trial court entered a declaratory judgment wherein all of the questions presented were determined. The Board has appealed and the City has filed a cross-appeal. The assignments of error of appellant and those of cross-appellant present for our review certain of the declarations made by the trial court.

1. The trial court did not err in declaring that the Board was legally organized and incorporated and that its directors were legally elected.

Five duly qualified electors and property owners of the City filed with the governing body of the City an application in writing for a permit to apply for the incorporation of a water works board. § 394, Title 37, Code 1940. Thereafter, the said governing body adopted a resolution

authorizing and permitting the petitioners to apply "for the incorporation of a corporation to be known as the Water Works Board of the City of Mobile," pursuant to the provisions of Title 37, Chapter 7, Article 5, Code 1940. After reviewing the need for additional water supply, the resolution stated that the governing body of the City "deemed it expedient, necessary, and advisable that said corporation be formed" to furnish a much needed industrial water supply for the City and the territory contiguous thereto. We think the said resolution is in substantial compliance with the requirements of § 394, Title 37, Code 1940. The fact that the word "advisable" was used in the resolution rather than the word "wise," as is specified in § 394, Title 37, *supra,* does not render the resolution inefficacious. A reading of the entire resolution clearly demonstrates that the governing body was of the opinion that it was wise that such a corporation be formed.

■ The certificate of incorporation filed in the office of the probate judge of Mobile County on September 22, 1949, is in all material respects in accord with the terms and provisions of §§ 395 and 396, Title 37, *supra.* The statutory provisions which relate to the method of incorporation of private corporations have no application.

■ Section 395, Title 37, *supra,* provides in part that the certificate of incorporation to be filed in the office of the probate judge of the county in which the municipality is located shall state "the maximum number of directors, not less than three." The certificate of incorporation here involved shows that there were five members of the Board of Directors. As before indicated, this was in accordance with the provisions of § 395, Title 37, *supra.* However, § 397, Title 37, Code 1940, which also provides that such a corporation shall have a Board of Directors of not less than three members, was amended by an act approved July 10, 1943, General Acts 1943, p. 575, so as to limit the members of the Board of Directors to three persons. While this 1943 amendatory provision, by its express terms, is limited to an amendment of § 397, Title 37, Code 1940, it has

the effect of amending § 395, Title 37, so that the certificate of incorporation should show only three directors. However, we do not think that the fact that the certificate of incorporation in this case shows that there were five members of the Board of Directors in any wise vitiates or renders ineffective the said certificate of incorporation. It appears that subsequently the governing body of the City has elected three persons to the Board of Directors, whose terms are prescribed in accordance with the provisions of the 1943 amendment to § 397, Title 37, *supra.* It does not appear that any of those elected to the Board of Directors are officers of the municipality. We hold, therefore, that the certificate of incorporation filed on September 22, 1949, is not invalid and that the Board of Directors of the said Board have been properly elected.

■ 2. The trial court correctly declared that the Board has authority to issue revenue bonds payable solely from the revenues derived from the operation of the water works plant or system.

■ This power is expressly conferred by § 398, Title 37, Code 1940, in this language: "Each corporation formed under this article shall have the following powers together with all powers incidental thereto: * * * To borrow money and to issue revenue bonds as evidences of any money so borrowed, which bonds shall be payable solely from the revenues derived from the operation of such water works plant and system." See Smith v. Waterworks Board of City of Cullman, 234 Ala. 418, 175 So. 380. In Atkinson v. City of Gadsden, 238 Ala. 556, 192 So. 510, 513, we held that such a water works board has the authority to supply water not only to the inhabitants of the municipality, but to "the surrounding territory." It follows that the Board has authority to issue revenue bonds, the proceeds of which will be used ultimately to furnish water to users in "the surrounding territory" as well as to users within the municipality.

■ 3. We are in accord with the declaration of the trial court to the effect that if the revenue bonds are issued and sold as prescribed, they will not constitute a

debt of the City and that such bonds will not be an obligation on the part of the City directly or indirectly.

Section 400, Title 37, Code 1940, provides in part as follows: "No such city or town shall in any event be liable for any money so borrowed or any debt created by such corporation, nor shall the same be construed to be an indebtedness of or against such city or town." The proposed resolution contains the following language: "The City of Mobile shall not in any manner be liable for the principal of or the interest on the bonds or for the performance of any obligation of the Board herein contained or contained in the bonds or coupons." The bond set out in the proposed resolution contains the following provision: "This bond is not a debt of the Water Works Board of the City of Mobile nor the City of Mobile within the meaning of the Constitution of the State of Alabama, and the City of Mobile is not liable hereon nor shall this bond or the interest hereon be payable out of any funds other than the revenues of the Industrial Water Works System, and no holder of this bond shall ever have the right to compel any exercise of the taxing power of the City of Mobile or the application of any funds other than the revenues provides [sic] in the resolution for the payment of this bond and the interest hereon."

■ Since the bonds will not be a debt or charge against the City, § 225 of the Constitution of 1901 has no application. Atkinson v. City of Gadsden, supra; Smith v. Waterworks Board of City of Cullman, supra.

■ 4. The proposed resolution contains the following provision: "All such bonds and any instruments executed as security therefor shall be exempt from all taxation under the laws of the State of Alabama." This provision is not the exercise of a power of the Board delegated to it by the city governing body. This provision in the resolution is lifted from the provisions of § 400, Title 37, Code 1940. In other words, the legislature of this state has expressly exempted such revenue bonds and the instruments executed as security therefor from taxation under the laws of this state.

■ 5. The trial court correctly declared that it was not necessary for the Board to secure the approval of the State Department of Finance before issuing the proposed revenue bonds. Atkinson v. City of Gadsden, supra.

■ 6. We are in accord with the declaration of the trial court to the effect that the Board may legally publish rates for the sale of water and may enter into contracts with the users of water without obtaining the approval of the Alabama Public Service Commission of such rates and contracts. § 401, Title 37, Code 1940; Atkinson v. City of Gadsden, supra.

■ 7. The trial court correctly declared that the Board has the power and authority to give as additional security for the payment of the revenue bonds a deed of trust or mortgage on the water works plant and equipment obtained, acquired or constructed from the proceeds of the sale of the revenue bonds.

Section 398, Title 37, Code 1940, provides in pertinent part as follows: "Each corporation formed under this article shall have the following powers together with all powers incidental thereto: * * * As security for any money so borrowed, together with interest thereon and any obligations incurred or assumed, to mortgage, pledge or otherwise transfer and convey its real, personal and mixed property, or any part or parts thereof, whether then owned or thereafter acquired, including its franchises owned and thereafter acquired and all or any part of the revenues derived from such plant or system or any part thereof. The instrument whereunder such mortgage or pledge shall be made may contain such agreements as the board of directors of such corporation shall deem advisable respecting the operation and maintenance of such property and respecting the rights and duties of the parties to such instrument and for the benefit of whom such instrument is made; provided, that no such mortgage or pledge shall be construed so as to permit the foreclosure thereof. * * *"

The above-quoted provision is ample authority for the Board to execute a deed of trust in the form set out in the proposed resolution. It is expressly provided therein that "no foreclosure proceeding or sale shall ever be had with respect to the mortgaged property or any part thereof." See Smith v. Waterworks Board of City of Cullman, supra.

 8. We are in accord with the declaration of the trial court that upon the payment of the debt secured by the revenue bonds, the title to the water works plant and system, acquired or constructed from the proceeds of the sale of such bonds, shall vest in the City.

The last sentence of § 400, Title 37, Code 1940, provides: "When the cost of construction of and all indebtedness otherwise incurred against such plant and system shall have been fully paid, then such plant and system, together with all rights of way, pipe lines, improvements and appurtenances thereto, and all other property, whether tangible or intangible, including franchises owned by said corporation, shall thereupon become the property of such city or town and all rights of said corporation in and to the same shall thereupon immediately vest in such city or town, whereupon said corporation shall be automatically dissolved."

9. It appears that the City proposes to enter into an agreement with the Board for the purchase of its raw water supply and proposes to cease to operate its two existing pumping stations, except in cases of emergency. However, the City proposes to continue the operation of its filter plant and will filter the raw water purchased from the Board and thereafter distribute it to the consumers in the same manner as it is doing at the present time.

This is a matter which addresses itself to the discretion of the governing body of the City, which is charged with the responsibility, as a necessary incident of community life, to provide and secure an ample water supply. However, nothing said in this connection is to be construed as in any wise affecting the holders of the water works bonds of the City of Mobile, which are secured by a pledge of the assets of the existing water works system of the City, inasmuch as such bondholders are not parties to this litigation.

The decree of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.