64 So.2d 824

**CITY OF MOBILE et al. v. BOARD OF WATER & SEWER COM'RS OF CITY OF MOBILE.**

I Div. 532.

Supreme Court of Alabama.

April 24, 1953.

M. Thomas Murphy, Mobile, for James B. Donaghey, citizen and taxpayer, appellant and amicus curiae.

· S. P. Gaillard, Jr., Mobile, for appellee.

Harry Seale, Mobile, for City of Mobile.

Carl M. Booth, Mobile, for taxpayers and citizens.

STAKELY, Justice.

This is an appeal from a decree rendered by the Circuit Court of Mobile County, in Equity, declaring valid a proposed issue of $3,700,000 of Water Service Revenue Bonds of the Board of Water and Sewer Commissioners of the City of Mobile. The suit was filed against the City of Mobile, a municipal corporation, and the taxpayers and citizens of the City of Mobile are also sought to be made parties. While the bill gives indication of an effort to comply with § 169 et seq., Title 7, Code of 1940, providing for actions for validation of obligations, it also contains allegations sufficient to obtain a declaratory judgment within the scope of § 156 et seq., Title 7, Code of 1940. 43 Am.Jur. p. 527.

Looking to the substance of the allegations of the petition, it is clear that a justiciable controversy is presented as to whether the proposed issue of bonds and the proceedings undertaking to authorize the issuance thereof, are valid. The answer of the City of Mobile and of the oth-er respondents denies the validity of the bonds and the proceedings authorizing the issuance thereof. This court has held in Water Works Board of City of Mobile v. City of Mobile, 253 Ala. 158, 43 So.2d 409, that a declaratory judgment proceedings is proper where a declaration is sought under a situation similar to the situation here involved. It is true that in the case here referred to the proceedings were instituted by the City of Mobile against the Water Works Board of the City of Mobile, but there can be no difference in principle just because in the case at bar the proceedings are instituted by the Water Works Board of the City of Mobile against the City of Mobile. It is true that in the case here referred to the Board was organized pursuant to statutes referred to in that opinion while in the case at bar the Board was organized pursuant to Act No. 775, approved September 11, 1951, Acts of Alabama 1950–51, p. 1359. An examination of the aforesaid Act of the Legislature and the statutes in question shows that for the purposes of this discussion there is no reason why the Board authorized by the Act of the Legislature and the Board authorized under the aforesaid statutes do not have the same standing under the declaratory judgment act, supra.

What we have said is for the purpose of showing that we need not be here interested in whether the Board of Water and Sewer Commissioners of the City of Mobile is a political subdivision within the meaning of § 169, Title 7, Code of 1940, because if the proceedings here instituted come within the purview of the statutes providing for actions for declaratory judgments, then the Board of Water and Sewer Commissioners of the City of Mobile is authorized to institute the proceedings, whether it be regarded as a political subdivision in the State of Alabama or not. Water Works Board of City of Mobile v. City of Mobile, supra.

It is alleged that the Board of Water and Sewer Commissioners of the City of Mobile, which we shall hereinafter refer to as the Board, was duly created and established under the provisions of Act No. 775, approved September 11, 1951. Acts of Alabama 1950–51, p. 1359. This latter act is

referred to in the petition as the enabling act. The petition sets up the various steps incident to the creation and formation of the aforesaid Board and alleges that all of the members of the Board met, took the oath of office and that after the Board was legally created, the Board adopted a resolution authorizing the issuance of $3,700,000 of Water Service Revenue Bonds under a trust indenture between the Board and Chemical Bank & Trust Company of New York. Attached to the petition is Exhibit A which is made a part of the petition and which contains a copy of the ordinance and of the minutes of the City Commission showing its introduction and passage. The bonds are described and the terms and conditions of the deed of trust are set forth in the exhibit. The aforesaid ordinance specifically refers to the act under which the Board was organized and sets forth the names of the members of the Board and the terms of office.

The resolution shows the terms and conditions under which the Board would acquire the Water and Sewer System of the City of Mobile, including the assumption by the Board of payment of the principal and interest on outstanding bonds and other obligations which have been issued by the city in connection with the water and sewer system of the city and the payment of the sum of $550,000 to the city and further monthly payments to the city of ten percent of the gross revenues of the entire system in the preceding month.

It is shown by the resolution that the City of Mobile employed engineers to make surveys and prepare a report setting forth the improvements of and to the water system and the sewer system which should be constructed in order to provide the city with an uninterrupted supply of water and to protect the health of the inhabitants of the city and to prepare estimates of the cost of such improvements. The contemplated improvements are set forth and it appears that the proceeds of the bonds proposed to be issued will be used for these purposes.

Other exhibits attached to the petition and made a part thereof are as follows:

Attached to the petition is Exhibit B, showing an ordinance providing for a public hearing of the final adoption of the ordinance which created the Board and fixing September 18, 1952, at the City Hall in Mobile, Alabama, for a public hearing with reference thereto, the minutes showing that this resolution was properly and legally adopted.

Attached to the petition is Exhibit C which shows an affidavit giving the date of publication of the ordinance and of notice of the public hearing.

Attached to the petition is Exhibit D, which shows a copy of the minutes of the meeting of the public hearing held on September 18, 1952, finally adopting the resolution after such public hearing. It is to be noted that no objections were presented or voiced.

Attached to the petition is Exhibit E, showing an affidavit giving the date of publication of the ordinance after final passage.

Attached to the petition is Exhibit F, showing an executed copy of the certificate of organization, which was issued by the Judge of Probate of Mobile County, Alabama.

Attached to the petition is Exhibit G, which is an executed copy of the notice of organization of the Board, which was filed by the Judge of Probate of Mobile County, Alabama, with the Secretary of State, Montgomery, Alabama.

Attached to the petition is Exhibit H, which is a certified copy of the minutes of the Board, showing its organization, election of officers, etc.

Attached to the petition is Exhibit X, which is a written copy of the oath of office taken by the members of the Board.

Attached to the petition is Exhibit I, which is a certificate that a copy of the organization minutes of the Board was published.

Attached to the petition is Exhibit J, which is a report of the engineers.

Attached to the petition is Exhibit K, which is a copy of the resolution of the

Board authorizing the execution of the bonds and of the trust indenture.

Attached to the petition is Exhibit L, which is a copy of the trust indenture between the Board and Chemical Bank and Trust Company of New York, which describes the bonds, the terms and conditions thereof and the agreement relating to the same.

 James B. Donaghey, an intervening taxpayer and citizen, made a motion to dismiss the present appeal. The register in preparing a certificate of appeal made the return date more than twenty days after the appeal. It appears that this would be contrary to the provisions of § 173, Title 7, Code of 1940. Even though the court permitted an amendment nunc pro tunc of this return date, there is no merit in the motion to dismiss. Morgan v. Morgan, 211 Ala. 7, 99 So. 185; § 805, Title 7, Code of 1940. However, in the case before us it is sufficient to say that since we hold that § 156 et seq., Title 7, Code of 1940, are applicable to the present case, a declaratory judgment or decree rendered under such sections is reviewable on appeal like other judgments or decrees. Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273; § 162, Title 7, Code of 1940. The motion to dismiss is overruled.

In reviewing the decree of the lower court there are two basic aspects of the case which must be considered and which may be summarized as follows: (1) Is the conveyance from the City of Mobile, which is a municipal corporation, to the Board of Water and Sewer Commissioners of the City of Mobile, valid and (2) if so, will the bonds proposed to be issued by the Board of Water and Sewer Commissioners of the City of Mobile violate sections 94, 222 or 225 of the Constitution of Alabama of 1901?

The Legislature of Alabama in Act No. 775, approved September 11, 1951, and appearing at pages 1359 et seq., in the Acts of Alabama of 1950-51, provided for the creation and organization of a board of water and sewer commissioners by any city in the state. We have carefully examined the procedure as set forth in the record before us, showing the organization of the Board of Water and Sewer Commissioners of the City of Mobile and find that it was organized in accordance with the provisions of this act. In fact the validity of the organization of a Board of Water and Sewer Commissioners of the City of Mobile under another statute to like effect has been heretofore approved by this court. The fact that different statutes are involved, does not appear to be material. In the case of Hillard v. City of Mobile, 253 Ala. 676, 47 So. 2d 162, 164, this court said:

"The Water Works Board of the City of Mobile is a public corporation organized under and by virtue of the provisions of Chapter 7, Article 5, sections 394-402, Title 37, Code of 1940. And in the case of Water Works Board of City of Mobile v. City of Mobile, 253 Ala. 158, 43 So.2d 409, we held that said board was validly organized."

 Without doubt the transfer by the City of Mobile to this Board is a valid transfer. The resolution providing for the transfer shows the terms and conditions under which the Board would acquire the water and sewer system of the City of Mobile. The consideration for such transfer is the assumption by the Board of payment of the principal and interest of outstanding bonds and other obligations which have been issued by the city in connection with the water and sewer system of the City of Mobile, the payment of $550,000 in cash to the City of Mobile and the monthly payment to the City of Mobile of ten percent of the gross revenues of the entire system in the preceding month. The conveyance appears on its face to have been approved by the governing body of the City of Mobile. Accordingly we cannot presume bad faith. Newberry v. City of Andalusia, 257 Ala. 49, 57 So.2d 629. The adequacy of the consideration is not here questioned and will not be considered by us.

Section 4 of the Act, Acts of Alabama 1950-51, p. 1359, provides as follows:

"Each Board created under the provisions of this Act shall be deemed to

674

be a public agency or instrumentality exercising public and governmental functions to provide for the public health and welfare, * * *."

Since the Board of Water and Sewer Commissioners of the City of Mobile is a governmental body and not a private corporation, there can be no violation of § 94 of the Alabama Constitution in making the transfer to the Board. In Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695, 698 this court said:

"It is suggested that the act is in violation of section 94 of the Constitution. This objection is obviated by the consideration that the section relates to private corporations only. Garland v. Board of Revenue, 87 Ala. 223, 6 So. 402."

Accordingly we approve the conveyance of the Water and Sewer System of the City of Mobile to the Board of Water and Sewer Commissioners of the City of Mobile.

■ We come now to the question of the validity of the bonds proposed to be issued in the light of sections 222 and 225 of the Constitution of Alabama of 1901. These bonds are not to be executed by the City of Mobile but are executed by the Board of Water and Sewer Commissioners of the City of Mobile. It is specifically provided that the bonds are payable only from special revenues derived from properties acquired by the Board and it is furthermore specifically provided that they are not a debt of the City of Mobile. It is further specifically provided that neither the faith nor the credit nor the taxing power of the City of Mobile are pledged to the payment of the bonds. In the case of Atkinson v. City of Gadsden, 238 Ala. 556, 192 So. 510, 513, this court approved exactly the course which is sought to be followed in the present case and said:

"The contention that the proposed bond issue is in violation of Section 225 limiting the indebtedness of municipalities, as to whether this limitation applies to the repairs, enlargements or extension of water works, we need not decide as the bonds will

not be a debt or charge against the city."

To the same effect see Smith v. Waterworks Board of City of Cullman, 234 Ala. 418, 175 So. 380. But it has been suggested that revenues from the existing water and sewer facilities of the City of Mobile which have been transferred to this Board will be used in payment of the new facilities to be constructed by the Board. In other words the situation appears to be that the entire revenue from both the old system and the new system will be used in payment not only of the existing bonds which have been assumed by the Board but also in payment of the proposed bonds with the proceeds of which the new facilities are to be constructed. If the city was undertaking to make this arrangement undoubtedly, under the decisions of this court, a debt would be created and the bonds would violate section 222 of the Alabama Constitution if issued by the city without an election. Town of Opp v. Donaldson, 230 Ala. 689, 163 So. 332. But we do not have the vice here suggested in the proposed plan now before the court, because there has been a transfer by a sale for a valuable consideration of the existing system to a corporation separate and distinct from the City of Mobile and it is this corporation, the Board of Water and Sewer Commissioners of the City of Mobile, which will issue the new bonds and undertake to pay the indebtedness not only of the existing bonds but the bonds proposed to be issued. As shown in Atkinson v. City of Gadsden, supra, and Smith v. Waterworks Board of City of Cullman, supra, there will be no violation of either section 222 or section 225 of the Alabama Constitution of 1901, since the proposed bonds will not be a debt or charge against the city.

The power to charge rates necessary to pay the principal and interest of the bonds and to accomplish the desired purpose for which the bonds are created, is specifically granted. The legislature in the aforesaid act authorized the Board to publish rates and gave it great latitude in the basis for the establishment of such rates. The method of making a charge is to base this on

the amount of water used and this method is expressly authorized by the statute.

Upon consideration we have reached the conclusion that, in so far as any question here raised is involved, the proposed bonds when issued will be valid and the proceedings which have been taken for their issuance are valid and in accordance with the law.

The decree of the trial court is modified so as to declare that, in so far as any question here raised is involved, the proposed bonds when issued will be valid and the proceedings which have been taken for their issuance are valid and in accordance with law. As so modified, the decree is affirmed.

Modified and affirmed.

All the Justices concur.