74 So.2d 479

**CITY OF ANDALUSIA et al.**

v.

**SOUTHEAST ALABAMA GAS DISTRICT.**

**4 Div. 798.**

Supreme Court of Alabama.

Aug. 30, 1954.

W. H. Baldwin, Andalusia, and Lightfoot & Bricken, Luverne, for appellants.

Alto V. Lee, III, Dothan, and Dumas, O'Neal & Hayes, Birmingham, for appellee.

PER CURIAM.

This is a suit to obtain a declaratory judgment, brought by appellee organized by virtue of an Act of the Legislature, No. 762, approved September 11, 1951, General Acts 1951, page 1319, Title 37, section 402(47) et seq., Pocket Part, Code.

Appellee, the plaintiff in this suit, will be referred to as the district corporation. More particularly, it is a gas district incorporated for the purpose of supplying natural gas to fourteen cities and towns and other areas in southeast Alabama. Those cities and towns are the incorporators, and are the defendants in this suit, and from the rendition of a decree in the trial court, approving the validity of the corporation and its proposed activities, two of those cities and towns have appealed to this Court. Notice of the same was accepted by the other cities and towns, but they did not see fit to join in the assignments of error. Only the cities of Andalusia and Luverne have appealed and assigned errors.

The district corporation was organized by its certificate of incorporation filed January 29, 1952, and amended August 12, 1952, as follows:

"To acquire by purchase or construction or both and to own, maintain, finance and operate one or more gas transmission systems described as follows: A gas transportation and transmission system or systems consisting of one or more pipelines, with such laterals, branch lines and cross connections as are necessary or desirable to furnish to each of the municipalities which are members of the gas district, a supply of natural gas and also such other laterals, branch lines and cross connections as are necessary or desirable to serve such other gas distribution systems and such customers, industrial, institutional, residential, or commercial, with natural gas as the gas district may determine to serve, or to which systems and customers the gas district, as a political subdivision deriving income from a public utility, may be obligated to furnish service under the laws of Alabama or the United States. The gas district may itself own and operate gas distribution systems in its general area of service, whether in a municipality which is a member of the district or in some other municipality or in unincorporated territory; but the gas district shall have no authority to acquire, own or operate any gas distribution system in any municipality which is a member of the gas district unless consented to by the governing body of such municipality".

The bill alleges that the district corporation proposes to construct a natural gas pipeline system in southeast Alabama, consisting of two trunk lines each connecting with the system of Southern Natural Gas Company and extending in a southerly and

southeasterly direction, with lateral lines sufficient to serve each of the defendant cities and towns. The district corporation proposes to finance the cost of construction of said transmission and distribution systems and facilities by the issuance of revenue bonds under the provisions of said Act No. 762, in the aggregate principal amount of not to exceed $20,000,000.

The bill alleges that the validity of said Act No. 762 has been challenged or denied by defendants. It also alleges that the validity of the incorporation has been challenged or denied by defendants.

It is alleged in the bill that the City of Luverne has granted a franchise to the district corporation to construct, maintain and operate a distribution system in said city to supply gas, a copy of which franchise is attached to the bill; that the directors of the corporation have approved the form of it. That each of the other cities and towns has adopted, or proposes to adopt, or has under consideration the adoption of such an ordinance. That the validity of said franchise ordinance has been challenged or denied by defendants. That the City of Luverne and each of the other cities named as defendants, except Troy, has entered into a certain separate agreement with the corporation respecting said operations, whose validity has been challenged or denied by defendants. That the directors of the corporation have adopted a resolution approving and authorizing the execution of a mortgage or indenture of trust under said Act No. 762, whose validity has been challenged or denied by defendants.

Those are the controversies alleged to exist as to which the bill seeks a declaratory judgment. An issue of fact was made and tried by the lower court resulting, as we have stated.

Many contentions appear in brief for appellants. Some of them do not need discussion, while some will receive minor discussion, and others are important.

■ The first contention is that the Act, No. 762, violates section 45 of the Constitution, in that it contains more than one

subject and that some of its contents are not clearly stated in its title. We think the answer is clear: that it is all cognate to the one general subject which we have outlined above and merely incidental to that subject. Atkinson v. City of Gadsden, 238 Ala. 556 (5), 192 So. 510.

The next contention is that the proposal as authorized by the Act violates section 94 of the Constitution, which prohibits the legislature from authorizing any city or town to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association or corporation, or become a stockholder in any such corporation by issuing bonds or otherwise.

The contention is again made that the cities lend their credit by granting a franchise to the corporation with authority to mortgage it as provided in sections 8 and 12 of the Act, supra. We do not find in those provisions of the Act any specific authority to mortgage or assign the proposed franchise. But the Luverne franchise contains such a provision, as does the proposed deed of trust. The deed of trust is not subject to foreclosure, and the property and franchise is not subject to sale to a private corporation. Section 11 of the Act, supra. If a default occurs, a receiver may be appointed of the property and franchises, and he may operate the system for the benefit of the creditors. Section 13 of the Act. The corporation may sue and be sued, sections 4 and 13, but its property and franchises cannot be sold to a private person or corporation. The only benefit which may result from a mortgage of the franchise, as here proposed, is in respect to the operation of the gas system by a receiver. Under the proposal it cannot get into the hands of a private individual.

■ Moreover, section 94, Constitution, has never been construed to prevent a city from granting a franchise under section 220, Constitution, to a private individual or corporation. Again, it is observed that section 94 does not prevent a city, when duly authorized, from rendering assistance to a public corporation. Taxpayers & Citizens of City of Mobile v. Board

of Water and Sewer Com'rs of Mobile, Ala. Sup., 73 So.2d 97 [1]; City of Mobile v. Board of Water and Sewer Com'rs, 258 Ala. 669, 64 So.2d 824; Hillard v. City of Mobile, 253 Ala. 676, 47 So.2d 162; Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695; Atkinson v. City of Gadsden, 238 Ala. 556, 192 So. 510.

 In granting a franchise, as authorized by section 220, supra, the city is not lending its credit nor granting public money or property (section 94). In organizing the district corporation with others, it does not become a stockholder in a corporation (section 94).

It is contended that the plan creates a monopoly in violation of section 103, Constitution, and that the ordinance of the City of Luverne, such as is proposed to be passed by the other cities and towns, grants an exclusive franchise in violation of section 22, Constitution, and that the franchise is not limited to thirty years as required by section 228, Constitution, but continues until the principal and interest of all of the bonds shall have been paid in full, though it may be more than thirty years. In this connection, we note that the franchise is not in terms made to be revocable by the city granting it (section 22, supra); also that section 4 of the Act, No. 762, authorizes the district corporation to establish rates and charges for gas and gas service and to alter such rates and charges, subsection 12; and by section 11 of the Act the district corporation may impose and collect reasonable rates and make regulations respecting the service of gas in its system, and by section 13 it may fix and collect rates and charges adequate to carry out any agreement as to, or pledge of, the revenue produced by such rates or charges; and this may be enforced by an appropriate suit in equity, and the court may appoint a receiver to operate the system and fix and collect rates and charges and receive all revenue thereafter arising. And in section 18, it is provided that the rates and charges shall be exempt from all jurisdiction of the Public Service Commission.

Section 17 of the Act confers certain powers provided for in an Act approved July 22, 1947, General Acts 1947, page 48; so as to require any competing company to sell its properties to the district corporation on terms fixed or approved by the Public Service Commission,—with which we are not here concerned.

 This status is attacked by appellants as being violative of the various constitutional provisions referred to, submitted separately and jointly. It is unquestionably contrary to the terms of section 22, Constitution, in being exclusive, and violates section 228, Constitution, in that the franchise may extend without any definite limit of time, City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550; Mobile Electric Co. v. City of Mobile, 201 Ala. 607, 79 So. 39, L.R.A.1918F, 667, and it allows and requires the district corporation (or a receiver) to fix and collect service charges sufficient to pay the bonds and interest without court review. In one place the Act says "reasonable," but in another that the rates must be *sufficient,* and the Public Service Commission is without power to review and there is no other authority set up for that purpose. The only power expressly given to the courts is to enforce the program in every respect. Under the statutes which require rates to be reasonable when fixed by a city, the city cannot so bind itself as to such rates that a court cannot review them to determine whether they are reasonable. Oppenheim v. City of Florence, 229 Ala. 50(18), 155 So. 859. The franchise is not revocable as it may be under section 22, supra, but that is not violative of the Constitution. Phenix City v. Alabama Power Co., 239 Ala. 547, 195 So. 894.

We have a series of laws enacted by the legislature beginning with Code section 360, Title 37, pocket part, and extending to section 402 with many subsections relating to the creation by cities of a corporation with authority to acquire the gas plants, water, sewer and electric systems of the city and operate them each separately from

1. Ante, p. 110.

that of other cities, and to issue bonds and secure those bonds by a pledge of the revenue. Those acts confer on those corporations the right and power to fix reasonable rates and charges and pledge them to secure bonds, with no supervision by the Public Service Commission.

The Act here in question is also set out in the pocket part of the Code along with other acts of a similar sort. Section 402 (47), supra.

We have had occasion to pass upon proposals made to put those acts into effect and have approved them,—some of the cases are as follows. Taxpayers & Citizens of City of Mobile v. Board of Water and Sewer Com'rs of Mobile, supra; Hillard v. City of Mobile, supra; City of Mobile v. Board of Water and Sewer Com'rs, supra; Waterworks and Sanitary Sewer Board of Montgomery v. Sullivan, 260 Ala. 214, 69 So.2d 709; Oliver v. Water Works and Sanitary Sewer Board, Ala.Sup., 73 So.2d 552;[2] Atkinson v. City of Gadsden, supra; Smith v. Waterworks Board of Cullman, 234 Ala. 418, 175 So. 380.

There are some features of the present proposal which were not involved in those cases, and have not been approved. In them there was no agreement or provision for an exclusive or perpetual franchise, or the right and absolute duty to fix a rate which will yield enough to pay the requirements of the bonds and deed of trust, enforceable by mandamus; and there was no provision for a receiver to fix the rates and give them binding effect.

■ We are not willing to approve those features of the proposal here contemplated. We can make declaration that the proposal is operative as against the constitutional objections here made, except that (a) while the franchise purports to be exclusive and the deed of trust so provides, it is not exclusive in effect and the cities cannot bind themselves to make it so by reason of section 22 of the Constitution; also (b) that the rates and charges authorized to be fixed and the amount of the same cannot be more than a reasonable charge for the service and commodity, and are subject to judicial review as to whether they are reasonable; and (c) it should also be declared that the franchise granted by cities of over six thousand population shall not have operation longer than thirty years from the date when granted.

With those limitations declaration can here be made that the proposal is constitutional, and that the corporation was duly organized insofar as any attack is here made upon its organization. The decree of the lower court should be thus modified and affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and CLAYTON, JJ., concur.