74 So.2d 814

**Harmon C. WILLIAMS**

v.

**WATER WORKS AND SANITARY SEWER BOARD OF MONTGOMERY.**

**3 Div. 707.**

Supreme Court of Alabama.

Oct. 1, 1954.

Walter J. Knabe, Knabe & Nachman, Montgomery, for appellee.

Rushton, Stakely & Johnston, Montgomery, for appellant.

LAWSON, Justice.

This is an appeal from a decree rendered by the circuit court of Montgomery County, in equity, declaring valid a proposed issue of $2,000,000 of "Sanitary Sewer System Revenue Bonds, First Issue" of the Water Works and Sanitary Sewer Board of the City of Montgomery.

The decree from which this appeal was taken was entered in a cause instituted by the Water Works and Sanitary Sewer Board of the City of Montgomery, hereafter referred to as the Water and Sewer Board, against the taxpayers and citizens

of the City of Montgomery under the authority of Act No. 859, approved September 19, 1953, General Acts 1953, p. 1148.

Appellant, Harmon C. Williams, is a taxpayer and citizen of the City of Montgomery who appeared and was made a party respondent.

The Water and Sewer Board is a public corporation duly organized in this state in accordance with law and pursuant to the authorization and determination of the governing body of the City of Montgomery. All matters and things which were required by law in order to give the board valid and legal status as a public corporation under the laws of this state have been complied with. The existence of the Water and Sewer Board as a valid public corporation has in effect been passed on and approved by this court in the following cases: Waterworks and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704; Water Works and Sanitary Sewer Board of Montgomery v. Sullivan, 260 Ala. 214, 69 So.2d 709; Oliver v. Water Works and Sanitary Sewer Board, ante, p. 234, 73 So.2d 552.

It is insisted by appellant that the transfer by the City of Montgomery to the Water and Sewer Board of the city's entire sewer system for a recited consideration of $1 is invalid. Reliance is had upon our case of City of Mobile v. Board of Water & Sewer Com'rs, 258 Ala. 669, 64 So.2d 824. In that case we followed our holding in Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695, to the effect that § 94 of the Constitution is not violated where the transfer is to a governmental agency or instrumentality and not to a private corporation. But in the same opinion its author, at the insistence of other members of the court, included the following language, which is relied upon by appellant:

"Without doubt the transfer by the City of Mobile to this Board is a valid transfer. The resolution providing for the transfer shows the terms and conditions under which the Board would acquire the water and sewer system of the City of Mobile. The consideration for such transfer is the assumption by the Board of payment of the principal and interest of outstanding bonds and other obligations which have been issued by the city in connection with the water and sewer system of the City of Mobile, the payment of $550,000 in cash to the City of Mobile and the monthly payment to the City of Mobile of ten percent of the gross revenues of the entire system in the preceding month. The conveyance appears on its face to have been approved by the governing body of the City of Mobile. Accordingly we cannot presume bad faith. Newberry v. City of Andalusia, 257 Ala. 49, 57 So.2d 629. The adequacy of the consideration is not here questioned and will not be considered by us." 258 Ala. 673, 64 So.2d 827.

By the use of the language above quoted, we did not intend to convey the idea that a transfer made in accordance with the provisions of § 6 of an act approved September 11, 1951, General Acts 1951, p. 1359, § 402(33). Title 37, 1953 Cumulative Supplement, Vol. Six, p. 253, Code 1940, would not be valid.

We have a line of cases holding that the provisions of §§ 222 and 225 of the Constitution of 1901 have no application to bonds issued by a municipality which are to be paid solely from the revenue derived from the operation of the utility or project built with the proceeds of the sale of the bonds. Newberry v. City of Andalusia, 257 Ala. 49, 57 So.2d 629, and cases cited.

But we have other cases holding that §§ 222 and 225 of the Constitution do have application where the proceeds received from the sale of municipal bonds are to be used for the purpose of enlarging or extending an existing revenue producing property of the municipality and the revenue from the existing property is pledged to the payment of the bonds, as well as the revenue to be obtained from the enlargement or extension. Town of Opp v. Donaldson, 230 Ala. 689, 163 So. 332. See Chamberlain v. Board of Com'rs, 243 Ala. 662, 11 So.2d 724; Harman v. Alabama College, 235 Ala. 148, 177 So. 747; In re Opinions of the Justices, 226 Ala. 570, 148 So. 111.

The language from the Mobile case, supra, which we quoted was intended to convey the idea that it was the opinion of the court that the holding in the City of Opp case, supra, is applicable to public corporations such as Water and Sewer Boards, where such public corporations receive revenue producing properties of a municipality without the payment of a valuable consideration therefor and where the property is to revert to the municipality when the bonds are paid.

But the holding if the City of Opp case, supra, does not apply where the property conveyed is not revenue producing. See In re Opinion of the Justices, 256 Ala. 170, 54 So.2d 68; Fuller v. City of Cullman, 240 Ala. 309, 199 So. 2. Consequently, we are not concerned with that principle here, for at the time the City of Montgomery conveyed its sewer system to the Water and Sewer Board such system was non-revenue producing.

We hold, therefore, that the transfer of the sewer system was not invalid.

Appellant contends that the published rates of the Water and Sewer Board discriminate against the users residing within the city limits in favor of the users residing beyond such limits. There is no merit in this contention. The resolution prescribing the rates, when read in its entirety, sufficiently shows that the rate therein prescribed is to apply to all users of the sanitary system. Said resolution provides, "Such charges shall be billed to the users of the sanitary sewer system." The service charges for the use of the sanitary sewer system have been approved by this court in the cases cited in the third paragraph of this opinion.

There is no merit in the position taken by appellant that his demurrer to the petition should have been sustained because of insufficiency of averment. The petition complies in all respects with the requirements of § 3 of Act 859, General Acts 1953, p. 1148.

We have considered all assignments of error argued by the appellant and find no reversible error therein. Therefore, the decree appealed from is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, STAKELY and CLAYTON, JJ., concur.