101 So.2d 539

### TAXPAYERS AND CITIZENS OF CITY OF MOBILE

v.

### WATER WORKS BOARD OF CITY OF MOBILE.

I Div. 756.

Supreme Court of Alabama.

March 20, 1958.

344

Carl M. Booth, State Sol., Mobile, for appellants.

S. P. Gaillard, Jr., Mobile, for appellee.

STAKELY, Justice.

This is an appeal from a decree rendered by the Circuit Court of Mobile County, in Equity, declaring valid a proposed issue of $2,400,000 of "Water Board Pipe Line Revenue Bonds" of the Water Works Board of the City of Mobile.

The decree from which this appeal was taken was entered in a cause instituted by the Water Works Board of the City of Mobile against the Taxpayers and Citizens of the City of Mobile under authority of Act No. 859, approved September 19, 1953. General Acts 1953, Vol. II, p. 1148.

The Water Works Board of the City of Mobile, hereinafter referred to as the "Board," was organized and a certificate of incorporation executed under the provisions of Chapter 7, Article 5, §§ 394–402, Title 37, Code of 1940, as amended. The existence of the Board as a valid public corporation was determined in Water Works Board of City of Mobile v. City of Mobile, 253 Ala. 158, 43 So.2d 409.

Section 397, Title 37, Code of 1940, provided, in part, that such a corporation was to have a Board of Directors of not less than three members, none of whom could be officers of the municipality. That section was amended by an Act approved July 10, 1943 (General Acts 1943, p. 575), so as to limit the membership of the Board of Directors to three persons. The prohibition against officers of the municipality serving as members of the Board of Directors of the Board was not changed. In Water Works Board of City of Mobile v. City of Mobile, supra, we held that the certificate of incorporation of the Board filed on September 22, 1949, was not invalid, although it showed five members of the Board, inasmuch as the governing body of the City of Mobile elected only three persons to the Board whose terms were prescribed in accordance with the provisions of the 1943 amendment to § 397, Title 37, Code of 1940. We observed that it did not appear that any of those elected to the Board of Directors were officers of the municipality.

Section 397, Title 37, Code of 1940, was further amended by an Act approved April 14, 1956, Acts of Alabama, Special Session, Vol. 1, p. 439, which act in pertinent part reads:

"Section 1. That Section 397 of Title 37, Code of 1940 be and the same is hereby further amended to read as follows: 'Section 397. Board of directors.—Each corporation formed under this article shall have a board of directors which shall constitute the governing body of the corporation, which board shall consist of three members. All members of the board of directors shall be reimbursed for actual expenses incurred in and about the performance of their duties hereunder and the chairman of said board may, at

the discretion of the board of directors, be paid a director's fee in an amount not exceeding $15.00 each month, and each member of the board of directors, other than the chairman, may be paid a director's fee in an amount not exceeding $10.00 each month. Any officer of the municipality shall be eligible for appointment and may serve as a member of the board of directors but shall not receive a fee for his services; provided, however, that at no time shall the board consist of more than two officers of the municipality. The directors of the corporation shall be elected by the governing body of the municipality, and they shall be so elected that they shall hold office for staggered terms. The first term of office of one director shall be two years, of another director shall be four years, and of the third director shall be six years, as shall be designated at the time of their election, and thereafter the term of office of each director shall be six years. Provided, that with respect to corporations heretofore organized under this article their directors shall continue to hold office for the terms for which they were elected and at the expiration of such terms their successors shall be elected for staggered terms in accordance with the provisions of this section. Provided, further, that the governing body of any municipality which has heretofore or hereafter authorized the creation of a corporation as provided herein may, at its option, increase the board of directors from three to five members to serve according to all the conditions and terms set forth herein. In the event the governing body elects to increase such board of directors from three to five members, one member added to the board shall be appointed for a term of four years and the remaining member for a term of six years and thereafter the term of each such director shall be six years; provided, further, that at no time shall

such board consist of more than three officers of the municipality.' "

Acting under the provisions of the 1956 Act, supra, the governing body of the City of Mobile increased the membership of the Board of Directors of the Board to five members and appointed themselves, the three members of the governing body of the City of Mobile, as directors. Thereafter the members of the governing body of the city, who had appointed themselves to the Board of Directors of the Board, tendered their resignations as such and on June 25, 1957, the governing body of the City of Mobile adopted an ordinance wherein it was shown that those resignations had been submitted and that because of that fact vacancies existed on the Board of Directors. Under the terms of that ordinance those vacancies were filled by the appointment of persons not officers of the municipality.

■ We see no occasion to consider the question as to whether the 1956 Act, supra, can be said to legally authorize the members of the governing body of a city to appoint themselves to the Board of Directors of the kind of public corporation here involved. That question is not necessary to a decision here because the resolution which is presently under attack was adopted after the municipal officers had resigned and the vacancies thereby created had been filled by appointment of persons whose qualifications seem not to be questioned.

So we hold there is no merit in the contention of the appellants to the effect that the resolution here under attack, which was adopted by the Board on June 28, 1957, is invalid because the Board was not at that time legally constituted.

■ One of the "Propositions of Law" contained in appellants' brief is that: "The court cannot validate and confirm proposed Pipe Line Revenue Bonds because it appears from the allegations of the petition that the payment of the principal on these bonds will be paid out of water revenues.

which are presently pledged to outstanding existing bonds which have a prior lien on such water revenues." Immediately following that statement are cited §§ 22 and 104 of the constitution of this state. All that is said of this proposition in appellant's argument is: "The bonds secured by a second pledge of revenues which have been pledged under prior commitments to payment of bonds issued by the Board in 1952." This is not sufficient treatment of the proposition to justify any detailed consideration on our part. We observe that § 104 of the constitution is a prohibition against the legislature passing certain types of local legislation. We are unable to see where the provisions of that section are in any way involved. Section 22 of the constitution, among other things, provides that the legislature shall not pass any law impairing obligations of contracts. It is that part of section 22 upon which we assume counsel for appellants rely. However, we do not understand that question to be raised by the pleadings in this case and most certainly, it has not been sufficiently discussed to justify our consideration.

While we have some doubt as to the propriety of considering in a proceeding of this kind the question as to whether or not one of the streams which has been obstructed by a dam constructed under the direction and authority of the Board, is a navigable stream, we make the observation that the trial court apparently considered this question to be an issue and testimony was taken bearing on that question. In view of the testimony of B. J. Christiansen, who has worked as an engineer for the United States Corps of Engineers for twenty-five years, was are inclined to agree with the conclusion reached by the trial court that Big Creek, the stream involved, was a non-navigable stream at the time it was obstructed by the dam constructed by the Board.

We would like to point out that this court cannot undertake in a proceeding of this kind to pass upon the correctness of every declaration made in a decree of the trial court in the absence of adequate treatment in brief of appellant. Hence we have limited our review to those matters which we think have been sufficiently argued by appellants to justify our consideration. The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.