165 So.2d 81

**CITY OF MOBILE et al.**

v.

**H. Tom COCHRAN et al.**

**I Div. 152.**

Supreme Court of Alabama.

May 28, 1964.

Wm. R. Lauten and Ralph Kennamer, Mobile, for appellants.

Armbrecht, Jackson, McConnell & De-Mouy and Gaillard, Smith & Green, Mobile, for appellees.

## PER CURIAM.

Responding to a petition for a declaratory decree, filed by H. Tom Cochran in the circuit court of Mobile County, in equity, against the City of Mobile, a municipal corporation, et al., in which members of the Water Works Board of the City of Mobile, and said Water Works Board in its corporate capacity, intervened with permission of the trial court, the circuit court rendered a declaratory decree that the complainant, acting in his official capacity as a member of the Board of Water and Sewer Commissioners, was not an officer or employee of the City of Mobile in its corporate capacity; and, also, that the intervenors as members of the Water Works Board of the City of Mobile were also not officers or employees of the City of Mobile.

The City of Mobile and the Commissioners of said City here appeal, and by appropriate assignments of error seek a reversal of the decree so holding as we have indicated above.

A justiciable issue was made by an allegation, and admitted by stipulation of the parties, that complainant was an agent for a fire insurance company that submitted a low bid, which was accepted, for insurance coverage of a project owned and operated by said corporate city. The bid was competitive. The City declined to pay the premium for the coverage.

It was further averred and admitted that said Cochran, an officer of the Board of Water and Sewer Commissioners at the time of the bid and when this suit was filed, would participate in the premium when paid.

The intervenors alleged that they "are interested in the issues raised by the bill of complaint filed in this cause by H. Tom Cochran, and intervene for the purpose of having their status as members (of the Water Works Board of the City of Mobile) determined insofar as the same relates to their conduct as members of said board in relation to the statutes referred to in the bill of complaint."

When all the pleadings are stripped of their collateral requisites, and also of their superfluity, the real issue thereby presented from the stipulated or agreed facts is whether or not complainant and the individual intervenors are officers or employees of said City of Mobile, a municipal corporation existing under the laws of Alabama, and come within the purview and inhibitions of §§ 77, 108, or 414, Title 37, Recompiled Code of Alabama, 1958, which, in substance, prohibit, inter alia, an officer or employee of a municipality from doing business, directly or indirectly, with the municipality which he so serves as an officer or employee.

We concur in the conclusion of the trial court that our opinion in the case of the City of Mobile v. Board of Water and Sewer Commissioners of City of Mobile, 258 Ala. 669, 64 So.2d 824(7), is decisive of the status of the complainant, Mr. Cochran. In this case, we held that the appellee, the Board of Water and Sewer Commissioners (organized under the provisions of Act No. 775, appvd. Sept. 11, 1951, Acts of Alabama, 1951, Vol. II, p. 1359), of which appellee Cochran at bar is an officer, was a separate and distinct corporation from the City of Mobile.

Being distinct and separate corporations, the relationship of appellee Cochran as an officer of the Board does not necessarily clothe him with any official duties in connection with the City of Mobile, nor is he necessarily cast as an employee of said municipality by virtue of his official connection with said Board.

Although there may be some relationship in ultimate objectives of the two, and some kindred authority to engage in activities of a proprietary or governmental character for the benefit of the inhabitants

of the City of Mobile, and in such respect the Board is an agency or arm of the City of Mobile, nevertheless, the two corporations are distinct, separate and independent corporations, each charged with respective, separate and distinct duties and authority under the law. The legislature had defined and limited the functions of each corporation, and provided for its officers and prescribed their duties. There are no provisions for common or mutual control, nor do the same overlap. Each set of officers control in their own right with no cross-currents of authority.

We therefore hold under the facts stated that appellee Cochran is not an officer or employee of the City of Mobile, so as to bring him within the inhibitions of §§ 77, 108, or 414, Title 37, Recompiled Code of Alabama, 1958. There is no incompatibility or conflict of interest here presented as in State ex rel. Richardson, Mayor of Cordova v. Morrow, 276 Ala. 385, 162 So.2d 480.

With respect to the status of appellees who are members of the Water Works Board of Mobile (organized pursuant to § 394, et seq., Tit. 37, Recompiled Code of Alabama, 1958), it is our opinion that this Board also is a distinct and separate corporation, which we have so indicated in Water Works Board v. City of Mobile, 253 Ala. 158, 43 So.2d 409; Taxpayers and Citizens v. Water Works Board, 267 Ala. 343, 101 So.2d 539.

■ What we have said above with reference to the distinctions and authority of the City of Mobile and the Board of Water Works and Sewer Commissioners apply with equal force to appellant, City of Mobile, and appellee, Water Works Board; and also to the authority and respective duties of the officers of each corporation.

We do not think it necessary to prolong or extend this opinion by trying to answer all the argument in brief filed by appellees; but suffice it to say, the corporations being separate and distinct, so are their respective officers under the facts here presented. The Board's officers are confined to their own

identity and have no official identity as such, or employee status, with the municipal corporation, the City of Mobile.

The decree of the trial court is free from error under the assignments here made and argued. The decree is therefore affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.