This controversy concerns the laying of water and sewer lines to housing developments in northern Shelby County, along the Shelby County Highway 41 corridor. Both The Water Works and Sewer Board of the City of Birmingham, a public corporation created pursuant to § 11-50-230 et seq., Ala. Code 1975 ("Birmingham Water Works"), and the Shelby County Commission want to install lines within the Shelby County Highway 41 right-of-way. Birmingham Water Works appeals from the denial of its petition for a writ of mandamus forcing Shelby County to grant it an excavation permit. We affirm the judgment of the trial court denying the petition.
The background of the controversy began in 1989, when Daniel Realty contracted with Shelby County for Shelby County to provide water and sewer service to Daniel Realty's Greystone development. In June 1992, Birmingham Water Works entered into a contract with Bill Eddleman to provide water and sewer service to his development, which would contain 1700 homes. Thus, both entities wanted to install water lines along the Highway 41 corridor. Birmingham Water Works sought to extend its water main from the intersection of Hugh Daniel Drive and Highway 41 west toward U.S. Highway 280 to serve the Eddleman property. Shelby County wanted to install its water line from U.S. Highway 280 east toward Hugh Daniel Drive to the Greystone development. On May 8, 1992, Shelby County submitted an application for an excavation permit to its highway department; the application was granted on the same day. On May 15, 1992, Birmingham Water Works applied for an excavation permit to install a 12-inch water main within the Shelby County Highway 41 right-of-way.
The Birmingham Water Works application was neither granted nor denied. Instead, Shelby County passed Resolution Number 92-07-27-10 on July 27, 1992, suspending consideration ofall utility permit applications as to Shelby County Highway 41 until such time as a water service study of the area could be completed by John O. Ray, a consulting engineer. The completed study was submitted to the Shelby County Commission on December 14, 1992.
Birmingham Water Works then petitioned the Circuit Court of Shelby County for a writ of mandamus directed to the county, political subdivisions of the county, and county personnel;[1] the petition sought an order forcing the county commissioners to grant the Birmingham Water Works an excavation permit for the installation of a water line within the right-of-way of Shelby County Highway 41.
On January 7, 1993, Circuit Judge D. Al Crowson held a hearing on the matter. The parties stipulated that all of the depositions and deposition exhibits submitted concerning the mandamus proceeding, as well as the "Shelby County Water System County Road 41 Water Study" prepared by John O. Ray, were to be submitted as evidence in the matter. On January 12, 1993, Birmingham Water Works added as additional defendants those individuals who had recently been elected county commissioners.[2] Judge Crowson issued the following order denying the writ of mandamus on January 26, 1993:
"ORDER DENYING MANDAMUS
 "THIS CAUSE came on to be heard on the 7th day of January 1993, and appearing were the parties and their respective *Page 1049 
counsel. Said cause was submitted upon testimony in open court, depositions, admitted exhibits and the pleadings of the parties, which included the Plaintiff's First Amendment to Complaint. Upon consideration thereof, together with briefs submitted by the parties, the Court finds, inter alia:
 "1. That the Plaintiff is a public utility whose office is located in Jefferson County, Alabama, with customers in surrounding counties, including Shelby County, Alabama, which was created pursuant to § 11-50-230 of the Code of Alabama 1975.
 "2. That as set out in the case of Coxe v. Waterworks Board, 228 [288] Ala. 332, 261 So.2d 12
(1972), The Waterworks Board of the City of Birmingham is not a subdivision of the state.
 "3. Under the case of Waterworks Board v. White, 281 Ala. 357, 202 So.2d 721 (1967), the supplying of water by the waterworks is a municipal function and a waterworks board incorporated under the provisions of Article 8 of Title 11, Chapter 50, of the Code of Alabama 1975, is in that sense an agency of the city.
 "4. That Defendant, Shelby County, Alabama, is a political subdivision of the State of Alabama whose county commissioners have general superintendence of the public roads within said county.
 "5. The dispute in this cause is the alleged failure of Defendant to grant an excavation permit to Plaintiff for the installation of a water main along Shelby County Highway 41, said highway lying exclusively within Shelby County, Alabama, and being a two-lane highway.
 "6. Section 23-1-80, Code of Alabama 1975, provides inter alia that the county commissions have legislative and executive powers except as limited in the chapter therein and that . . . county commissions may establish, promulgate and enforce rules and regulations they deem necessary or advisable to build, improve and maintain a good system of public roads in their counties and regulate the use thereof.
 "7. That a land developer located at or near said Highway 41 desires the services of Plaintiff to establish a large subdivision.
 "8. That Defendant, Shelby County, Alabama, also maintains and operates a large water system which services people within Shelby County, Alabama.
 "9. That Shelby County, Alabama, is a rapidly growing county and . . . has sought to serve the needs of this growth and its residents.
 "10. Prior to the [filing of the petitioner's application for a permit] Shelby County, Alabama, obtained a permit for said Highway 41 and subsequently began its installation of a water line along said Highway 41.
 "11. That subsequent to Plaintiff's application for said permit, . . . Shelby County, Alabama, by and through its commissioners then was concerned with the possibility of two contractors working within the same right-of-way at the same time and was concerned with the best use of the limited right-of-way resources of said highway and how to best preserve and utilize the right-of-way in question to ensure sound governmental growth decisions for its citizens.
 "12. That Plaintiff claims it has a clear legal right for an excavation permit and that the Defendants are under an imperative duty to grant said permit.
 "13. Under 10-5-14 of the Code of Alabama 1975, 'water companies for the purpose of constructing, operating or maintaining . . . may contract with the authorities of such county. . . .'
 "14. That the Plaintiff does not have an absolute right to construct along Shelby County, Alabama's right-of-way, but does have the power of eminent domain.
 "15. The Court is of the opinion the Defendants did not refuse Plaintiff's permit arbitrarily, capriciously, fraudulently, corruptly, unfairly and/or unjustly, but had legitimate concerns for the public in not granting a permit to the Plaintiff but waiting to make a wise and prudent decision.
 "16. That the Plaintiff has not met its burden of proving . . . a 'clear legal right' for a mandamus order in this cause and the Defendants herein are not under an *Page 1050 
'imperative duty' to grant the Plaintiff its request for a permit.
 "Accordingly, it is ORDERED and ADJUDGED by the Court that Plaintiff's Petition For Writ of Mandamus as amended . . . is hereby DENIED.
"DONE and ORDERED this 26th day of January 1993.
"/s/ D. Al Crowson
"Circuit Judge"
On January 27, 1993, Judge Crowson amended his order to tax costs in this action to Birmingham Water Works. Birmingham Water Works appealed on February 8, 1993.
The sole issue is whether the trial court erred in denying the writ of mandamus. Mandamus is an extraordinary remedy, requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar,543 So.2d 682 (Ala. 1989); Ex parte Alfab, Inc., 586 So.2d 889 (Ala. 1991).
Having carefully studied the law and the record in this case, we conclude that the judgment denying the writ of mandamus must be affirmed.
(1) Birmingham Water Works did not establish a clear right to this remedy. No statutory or case law establishes an imperative duty on Shelby County to grant an excavation permit to Birmingham Water Works to install its lines within the right-of-way of a Shelby County road. Birmingham Water Works argues that its "right" arises from its authorization to provide services outside the municipal limits of Birmingham;Atkinson v. City of Gadsden, 238 Ala. 556, 561, 192 So. 510
(1939), and its ability to expand or extend its system pursuant to § 11-50-235(a)(4), Ala. Code 1975 (1992 Repl. vol). We recognize the authority and ability provided by those statutes, but they do not convey upon Birmingham Water Works the right to install water lines within the right-of-way of Highway 41. The clear legal right to regulate public roads rests with Shelby County, based on § 23-1-80. We have stated many times that the general superintendence over county roads is with the county commissions. Barber v. Covington County Commission,466 So.2d 945, 947-48 (Ala. 1985).
(2) Birmingham Water Works did not establish an imperative duty upon Shelby county to perform, accompanied by a refusal to do so. Birmingham Water Works argues that § 10-5-14 establishes a clear legal right for it to lay pipes along Shelby County Highway 41 and places an imperative duty on Shelby County to grant the permit. The reading of § 10-5-14 proposed by Birmingham Water Works would mean that each county government must accept every "contract" offered by utility corporations. Section 10-5-14 applies only to contracts between public utilities and local governments. The statute does not contemplate applications for permits, which are not contracts.
(3) Birmingham Water Works did not exhaust its administrative remedies before the Shelby County Commission, which has not denied the request for the excavation permit; it has only failed to act on it. There is no lack of another adequate remedy, because Birmingham Water Works has the right of eminent domain. § 10-5-1, Ala. Code 1975.
(4) Birmingham Water Works did not properly invoke the jurisdiction of the court. This Court has consistently held that mandamus is not the procedure for reviewing a county commission's discretionary decisions, absent fraudulent, corrupt, or otherwise unfair conduct. Barber v. CovingtonCounty Commission, supra, citing Ensley Motor Co. v. O'Rear,196 Ala. 481, 485, 71 So. 704 (1916), Bentley v. CountyCommission for Russell County, 264 Ala. 106, 109, 84 So.2d 490
(1955). Birmingham Water Works argues that it properly invoked the jurisdiction of the court, because, it says, there had been such fraudulent, corrupt, or otherwise unfair conduct on the part of the Shelby County Commission that mandamus would be an appropriate remedy to correct the actions. We do not agree. The trial judge's findings of fact include a finding that the Shelby County defendants "did not refuse plaintiff's permit arbitrarily, capriciously, fraudulently, corruptly, unfairly and/or unjustly, but had legitimate *Page 1051 
concerns for the public in not granting a permit to the plaintiff." The record supports that finding.
For the reasons stated above, the judgment of the trial court denying Birmingham Water Works' petition for the writ of mandamus is due to be affirmed.
AFFIRMED.
SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] Named as defendants were the Shelby County Highway Department; W. Paul Yeager, as chairman of the Shelby County Commission; Howard Foster, Leon Archer, Frederick Ard, Don Armstrong, Mike Gravois, and George Dailey, in their official capacities as commissioners of Shelby County; and Kenneth R. Cole in his official capacity as Shelby County engineer.
[2] Named as defendants were Leon Archer, Lindsey Allison, Billy Thompson, Phillip Walker, Daniel M. Acker, and Larry Dillard, in their official capacities as commissioners of Shelby County.